

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2000

# Allah v. Al-Hafeez

Precedential or Non-Precedential:

Docket 98-1385

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Allah v. Al-Hafeez" (2000). *2000 Decisions*. Paper 186.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/186

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed September 6, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 98-1385

MICHAEL MALIK ALLAH, MINISTER;
KHALIL WALI MUHAMMAD

Michael Malik Allah,
        Appellant

v.

HUMZA AL-HAFEEZ; WILLIAM W. ENNIS, REV.

UNITED STATES OF AMERICA,
        Intervenor

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 96-cv-06587)
District Judge: Hon. Marvin Katz

Argued: July 20, 2000

Before: SLOVITER, NYGAARD and FUENTES,
Circuit Judges

(Filed: September 6, 2000)

Deena Jo Schneider
Michael J. Barry (Argued)
Ninette Byelich
Schnader Harrison Segal & Lewis
 LLP
Philadelphia, PA 19103

 Attorneys for Appellant

D. Michael Fisher
 Attorney General
J. Bart DeLone (Argued)
Calvin R. Koons
 Senior Deputy Attorney General
John G. Knorr, III
 Chief Deputy Attorney General
 Chief, Appellate Litigation Section
Office of Attorney General
Appellate Litigation Section
Harrisburg, PA 17120

 Attorneys for Appellees

David W. Ogden
 Acting Assistant Attorney General
Michael R. Stiles
 United States Attorney
John C. Hoyle
Susan L. Pacholski (Argued)
 Attorneys, Appellate Staff
 Civil Division
Department of Justice
Washington, D.C. 20530-0001

 Attorneys for Intervenor

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Michael Malik Allah appeals the District Court's order granting the motion of defendants Humza Al-Hafeez and William W. Ennis for judgment on the pleadings and dismissing Allah's claims alleging infringement of his First

2

Amendment right to free exercise of religion in violation of 42 U.S.C. S 1983. The appeal requires us to interpret the scope of S 803(d)(e) of the Prison Litigation Reform Act ("PLRA"), codified at 42 U.S.C. S 1997e(e), and to determine its applicability to Allah's First Amendment claims.

I.

Allah, who was granted leave to proceed in forma pauperis, filed his pro se complaint on October 15, 1996, naming as defendants Ennis, the chaplain for S.C.I. Frackville, and Al-Hafeez, the appointed outside minister for the Nation of Islam within S.C.I. Frackville. Allah, a follower of the Nation of Islam, alleges that his First Amendment right to free exercise of religion[1] and that of other followers of the Nation of Islam in S.C.I. Frackville is being violated because Al-Hafeez is not a member of the Nation of Islam and engages in teachings that contradict the teachings of Elijah Muhammad, the leader of the Nation of Islam.[2] His complaint states that he seeks injunctive relief as well as $10,000 from each defendant in compensatory damages and $100,000 in punitive damages.

On April 30, 1997, Allah filed an amended complaint adding 26 defendants (mostly prison officials and guards) and alleging that they harassed him in retaliation for filing this lawsuit and trying to practice his religion. The District Court treated Allah's filing as a motion to amend his complaint and, over objection by Ennis and Al-Hafeez, granted the motion, stating that "Defendants' contentions may be raised by a Motion for Summary Judgment following completion of discovery." Allah v. Al-Hafeez, No.

_____

1. He also alleged violation of his substantive due process rights and violation of federal and state law. Those claims are not at issue in this appeal.

2. The complaint is signed by 21 members of the Nation of Islam at S.C.I. Frackville and is accompanied by affidavits of members of the Nation of Islam at S.C.I. Frackville concerning the teachings of Al-Hafeez. Included in the affidavits were affidavits of Rabiq V. Muhammad and Khalil Wali Muhammad, who were also named as plaintiffs in the action. Rabiq V. Muhammad was dismissed by order entered July 29, 1997. Khalil Wali Muhammad does not appeal the grant of judgment on the pleadings.

96-6587 (E.D. Pa. May 30, 1997). However, apparently those 26 additional defendants were never served with the amended complaint, and they were not added to the docket.

In July 1997, Allah was transferred from S.C.I. Frackville to S.C.I. Greene. On April 3, 1998, Ennis and Al-Hafeez filed a motion for judgment on the pleadings. They argued that Allah's complaint against them should be dismissed because his claim for injunctive relief was rendered moot by his transfer and because his claims for damages were barred under the PLRA, 42 U.S.C. S 1997e(e). By order dated April 22, 1998, the District Court granted the motion.3 After dismissing the complaint against Al-Hafeez and Ennis upon their motion for judgment on the pleadings, the court closed the case without addressing the remaining 26 unserved defendants and the retaliation claims alleged against them in the amended complaint. Allah timely appealed.

This court appointed counsel to represent Allah on appeal.4

_____

3. The District Court also stated in its order that Allah's claims against defendants Al-Hafeez and Ennis were dismissed "because the `Religious Practices Claims' represent a doctrinal dispute within the Muslim religion." Allah v. Al-Hafeez, No. 96-6587 (E.D. Pa. Apr. 22, 1998). This was not an argument presented by defendants in their motion for judgment on the pleadings, and they concede on appeal that "Allah's complaint against them does implicate First Amendment concerns." Appellees' Br. at 11 n.3. Given the facts alleged in the complaint and our duty to construe those facts liberally, we agree with the parties that, to the extent the statement was intended to serve as an alternate basis for the court's ruling, the District Court erred in dismissing the claims on that ground at this juncture. See Cruz v. Beto , 405 U.S. 319, 322 (1972); Small v. Lehman, 98 F.3d 762, 764 & n.3, 767-68 (3d Cir. 1996), overruled on other grounds by City of Boerne v. Flores, 521 U.S. 507 (1997); SapaNajin v. Gunter, 857 F.2d 463, 464 (8th Cir. 1988); see also Thomas v. Review Bd. of Ind. Employment Sec. Div. , 450 U.S. 707, 715-16 (1981) (courts should accept assertions of intrafaith differences unless claim is so bizarre or clearly nonreligious in motivation as not to be entitled to protection under the Free Exercise Clause).

4. We express our appreciation to appellant's counsel for volunteering their services in this and numerous other civil rights cases. Schnader Harrison Segal & Lewis LLP, the firm representing Allah in this appeal, and an increasing number of other lawyers in the Third Circuit who agree to act as counsel at the request of the courts act in the highest tradition of service of the legal profession.

We also granted the United States Department of Justice leave to intervene to defend the constitutionality of S 1997e(e). The appeal was consolidated with another appeal brought by Allah in a separate case captioned Allah v. Seiverling, No. 97-3627. The two consolidated appeals present distinct legal issues, and we address the issues in separate opinions.

We have jurisdiction over the appeal from the final order of the District Court under 28 U.S.C. S 1291. As this is an appeal from the District Court's dismissal of Allah's complaint under Fed. R. Civ. P. 12(c), we exercise plenary review, accepting as true all of the allegations in the complaint and drawing all reasonable inferences in favor of Allah. See Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988). The District Court's judgment may be affirmed only if no relief can be granted under any set of facts that could be proved. See Turbe, 938 F.2d at 428.

II.

Section 1997e(e), entitled "Limitation on recovery," provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Allah concedes that his claims for injunctive relief were mooted by his transfer from S.C.I. Frackville to S.C.I. Greene and that only his claims for damages remain. Therefore, our examination of S 1997e(e) focuses on whether the section precludes Allah's claims for damages.

Allah emphasizes that he is seeking damages for harm allegedly suffered as a result of the defendants' violation of his First Amendment rights. The plain language of S 1997e(e) makes no distinction between the various claims encompassed within the phrase "federal civil action" to which the section applies. We turn first to consider Allah's claims for compensatory damages.

5

It is well settled that compensatory damages under S 1983 are governed by general tort-law compensation theory. See Carey v. Piphus, 435 U.S. 247, 255 (1978). In other words, "damages are available under [S 1983] for actions `found . . . to have been violative of . . . constitutional rights and to have caused compensable injury . . . .' " Id. (emphasis omitted) (quoting Wood v. Strickland, 420 U.S. 308, 319 (1975)).

In elaborating on this principle, the Supreme Court has explained that compensatory damages for claims brought under S 1983 for violations of constitutional rights "may include not only out-of-pocket loss and other monetary harms, but also such injuries as `impairment of reputation . . . , personal humiliation, and mental anguish and suffering.' " Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986) (quoting Gerte v. Robert Welch, Inc., 418 U.S. 323, 350 (1974)). By the same token, however, the Court held that substantial damages may only be awarded to compensate for actual injury suffered as a result of the violation of a constitutional right. See id. at 308. Indeed, in that case the Court overturned a substantial jury verdict for the plaintiff because the jury had been erroneously instructed to place their own subjective value on the constitutional rights transgressed. See also Carey, 435 U.S. at 248 (absent proof of actual injury, compensatory damages may not be awarded); Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1214-15 (10th Cir. 1999) (reversing an award of damages for a free exercise claim where the district court calculated damages based on an abstract, per diem calculation rather than on evidence of actual mental or emotional harm suffered by prisoner). "[T]he abstract value of a constitutional right," the Supreme Court has stated, "may not form the basis forS 1983 damages." Stachura, 477 U.S. at 308.

We see no construction of Allah's complaint that would save his claims for compensatory damages from the bar imposed by S 1997e(e). Allah seeks substantial damages for the harm he suffered as a result of defendants' alleged violation of his First Amendment right to free exercise of religion. As we read his complaint, the only actual injury that could form the basis for the award he seeks would be

6

mental and/or emotional injury. Under S 1997e(e), however, in order to bring a claim for mental or emotional injury suffered while in custody, a prisoner must allege physical injury, an allegation that Allah undisputedly does not make. Accordingly, Allah's claims for compensatory damages are barred by S 1997e(e) and were appropriately dismissed.

Allah relies on footnote 14 in the Stachura opinion as support for the proposition that a jury could measure the value of the infringement on his constitutional rights without basing it on any mental or emotional injury. That footnote is not helpful here because it refers to a narrow category of cases in which compensatory damages may be presumed, i.e., voting rights cases. See 477 U.S. at 311 n.14 (citing Nixon v. Herndon, 273 U.S. 536 (1927)). As the Court explained in the text of Stachura, presumed damages are designed to "roughly approximate the harm that the plaintiff suffered and thereby compensate for harms that may be impossible to measure." Id. at 316. Therefore, even assuming arguendo that presumed damages are available for a First Amendment free exercise claim, but see Spence v. Board of Educ., 806 F.2d 1198, 1200 (3d Cir. 1986) (no presumed damages for violations of First Amendment free speech and free association rights), that claim would still be "for mental or emotional injury suffered" under the facts as alleged in this case and would be barred by S 1997e(e) absent a showing of prior physical injury.

But our determination that S 1997e(e) bars Allah's claims for compensatory damages does not mean that the section bars all of his claims for damages. On the contrary, the Supreme Court recognized in both Carey and Stachura that certain absolute constitutional rights may be vindicated by an award of nominal damages in the absence of any showing of injury warranting compensatory damages. See Stachura, 477 U.S. at 308 n.11 ("[N]ominal damages, and not damages based on some undefinable `value' of infringed rights, are the appropriate means of `vindicating' rights whose deprivation has not caused actual, provable injury."); Carey, 435 U.S. at 266 (approving recovery of nominal damages without proof of actual injury). After Carey, federal courts have consistently awarded nominal damages for

7

violations of First Amendment rights. See, e.g. , LeBlanc–
Sternberg v. Fletcher, 67 F.3d 412, 431 (2d Cir. 1995)
(awarding nominal damages for Fair Housing Act and
conspiracy to violate First Amendment rights claims); Wolfel
v. Bates, 707 F.2d 932, 934 (6th Cir. 1983) (per curiam)
(affirming award of nominal damages for violation of
prisoner's First Amendment rights).

Although Allah does not expressly seek nominal damages
in his complaint, this court has held that "it is not
necessary to allege nominal damages." Basista v. Weir, 340
F.2d 74, 87 (3d Cir. 1965). Moreover, the allegations in
Allah's complaint are consistent with a claim for nominal
damages, and he has asserted that he seeks nominal
damages in his brief on appeal. Cf. Davis v. District of
Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (declining
to construe complaint to seek nominal damages where
complaint sought only damages for mental or emotional
injury and neither plaintiff nor amicus mentioned a claim
for nominal damages in briefs on appeal). Construing his
pro se complaint liberally, we interpret Allah's complaint to
request nominal damages. See Haines v. Kerner , 404 U.S.
519, 520 (1972) (per curiam) (holding pro se complaint to
less stringent standards than formal pleadings drafted by
lawyers); Perkins v. Kansas Dep't of Corrections , 165 F.3d
803, 808 (10th Cir. 1999) (construing pro se complaint as
seeking injunctive relief despite plaintiff's failure to
expressly request such relief).

Punitive damages may also be awarded based solely on a
constitutional violation, provided the proper showing is
made. See Alexander v. Riga, 208 F.3d 419, 430 (3d Cir.
2000); Basista v. Weir, 340 F.2d at 87; see also Coleman v.
Kaye, 87 F.3d 1491, 1497 (3d Cir. 1996) ("[P]unitive
damages may be awarded under 42 U.S.C. S 1983`when
the defendant's conduct is shown to be motivated by evil
motive or intent, or when it involves reckless or callous
indifference to the federally protected rights of others.' ")
(quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). "The
purpose of punitive damages is to punish the defendant for
his willful or malicious conduct and to deter others from
similar behavior." Stachura, 477 U.S. at 306 n.9.
Accordingly, to the extent that Allah's punitive damages

8

claims stem solely from the violation of his First Amendment rights, and not from any emotional or mental distress suffered therefrom, those claims are not claims brought "for mental or emotional injury suffered" and are not barred by S 1997e(e).5

Given the Supreme Court's clear directive that nominal damages are available for the vindication of a constitutional right absent any proof of actual injury, we cannot agree with the position taken by Al-Hafeez and Ennis that Congress intended S 1997e(e) to bar all claims for damages brought under S 1983 without a prior showing of physical injury. The plain language of S 1997e(e) states that "[n]o federal civil action may be brought . . . for mental or emotional injury . . . without a prior showing of physical injury." 42 U.S.C. S 1997e(e) (emphasis added). Neither claims seeking nominal damages to vindicate constitutional rights nor claims seeking punitive damages to deter or punish egregious violations of constitutional rights are claims "for mental or emotional injury." We thus find more persuasive the position taken by the Department of Justice in its brief and argument as intervenor that S 1997e(e) bars claims for damages for mental or emotional injury but leaves untouched claims for damages brought to vindicate a constitutional right or to punish for violation of that right.

The defendants' position would put us in conflict with the other courts of appeals who have faced similar issues. For example, the Court of Appeals for the Ninth Circuit in Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998), the first court of appeals to face the issue, held that a prisoner plaintiff was not barred under S 1997e(e) from asserting a claim for violation of his First Amendment rights. Similarly, in Rowe v. Shake, 196 F.3d 778, 781-82 (7th Cir. 1999),

_____

5. Because we conclude that S 1997e(e) does not bar Allah's claims seeking nominal and punitive damages for the violation of his First Amendment rights, we do not reach Allah's challenge to the constitutionality of S 1997e(e) were it to bar all of Allah's claims for damages. However, we note that other courts of appeals to have faced such challenges have held that the section's limitation on damages withstands constitutional challenge. See Davis v. District of Columbia, 158 F.3d 1342 (D.C. Cir. 1998); Zehner v. Trigg , 133 F.3d 459 (7th Cir. 1997).

the Court of Appeals for the Seventh Circuit held that S 1997e(e) did not bar a claim by prisoner plaintiffs seeking nominal damages and declaratory relief for deprivation of their First Amendment rights. Citing Canell, the court explained that "[a] prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he may have sustained." Id.

The holding in Davis v. District of Columbia, 158 F.3d 1342 (D.C. Cir. 1998), is not to the contrary. In Davis, the Court of Appeals for the District of Columbia held that S 1997e(e) barred a plaintiff's claims for compensatory and punitive damages where those claims were based on the plaintiff's alleged emotional and mental distress suffered as a result of the violation of his constitutional right to privacy. In that case, the plaintiff alleged only emotional and mental distress resulting from the violation. See id. at 1345. Moreover, neither the plaintiff nor his counsel on appeal mentioned a claim for nominal relief, and the court declined to construe the complaint to seek such relief. See id. at 1349. Accordingly, the court held that the plaintiff's claims for punitive and compensatory damages were barred by S 1997e(e) because those claims stemmed from the allegations of emotional and mental injury. See id. at 1348.

III.

In sum, we hold that Allah's claims for compensatory damages are barred by S 1997e(e) but that his claims for nominal damages are not barred by that provision. Furthermore, to the extent that Allah's claims for punitive damages are premised on the alleged violation of his right to free exercise of religion rather than on any emotional or mental distress suffered as a result of the violation, those claims also are not barred. Accordingly, we will affirm in part and reverse in part the order of the District Court granting judgment on the pleadings in favor of Al-Hafeez and Ennis, and we will remand for further proceedings not inconsistent with this opinion.6 On remand, the District

_____

6. Of course, we express no view on the merits of Allah's claims, as they are not before us.

10

Court also should address the status of the 26 defendants whose joinder it authorized but who were overlooked in its order of dismissal.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit