

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2002

# Ellis v. Horn

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1697

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Ellis v. Horn" (2002). *2002 Decisions.* Paper 326.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/326

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-1697



JAMES ELLIS,

Appellant

v.

MARTIN HORN, Secretary of Corrections; JOHN M. MCCULLOUGH,
Superintendent, SCI Houtzdale; DAVID CLOSE, D & A Treatment
Supervisor, SCI Houtzdale



ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No.  00-cv-00178J)
District Court Judge: Honorable Donald E. Ziegler



Submitted Under Third Circuit LAR 34.1(a)
May 10, 2002

Before: ALITO, COWEN, and LOURIE, Circuit Judges.

(Opinion Filed:  June 4, 2002)




OPINION OF THE COURT



PER CURIAM:
        Because we write for the parties only, we will not set out the background of
this case.  We reject the plaintiff's argument that the mootness doctrine does not apply to
his claim for equitable relief.  We further reject the plaintiff's argument that his injury
qualifies him for money or punitive damages.  Though on other grounds, we affirm the
District Court's dismissal of this case.
        First, Article III of the United States Constitution prohibits this Court from
deciding moot questions because moot cases do not meet the case and controversy
requirement.  See U.S. Const. Art. III,  2, cl.1.  Exceptions to the mootness doctrine

require a reasonable likelihood that the challenged action will impact the plaintiff; conjecture is not enough.  See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993). Nothing in the record suggests that the plaintiff will be subject to the challenged action again.  Therefore, we affirm the District Court's decision to dismiss his claim for equitable relief.

Second, the plaintiff must show he sued the defendants in their individual capacities and that he suffered physical injury.  To begin, an individual state official, sued for damages in his official capacity, is not a person within the meaning of 42 U.S.C.  1983, see Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989), while a state official, sued for damages in his individual capacity, is.  Here, reading the complaint generously, see West v. Keve, 571 F.2d 158, 163 (3d Cir. 1978), we believe that it asserts claims against the defendants in their individual, as well as official capacities.  Although the complaint names two defendants in their official capacities, that the plaintiff seeks punitive damages, which cannot be recovered from the defendants in their official capacities, suggests that the plaintiff sued each official in his individual capacity as well. See Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988).

Still, the plaintiff must meet the requirements of the Prison Litigation Reform Act, 42 U.S.C.  1997e(e), which provides:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  We see no construction of Ellis's complaint that would save his claims for compensatory damages from the bar imposed by  1997e(e).  See Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000).  Therefore, we affirm the dismissal of the plaintiff's claims for money damages against the defendants.

Because the plaintiff's claim for equitable relief is moot and because his claims for money damages require an element he cannot prove, we affirm the District Court's dismissal of this case.