

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2005

# Nelson v. Horn

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2284

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Nelson v. Horn" (2005). *2005 Decisions.* Paper 948.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/948

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-2284
_____

ROBERT NELSON,

v.

MARTIN HORN, PA Department of Corrections; WILLIAM F. WARD,
PA Board of Parole; KENNETH KYLER, SCI-Huntingdon; KEN HOLLENBAUGH,
SCI-Huntingdon E Unit

Robert L. Nelson,

Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 02-cv-00725)
District Judge:  Honorable Malcolm Muir
_____

Submitted Under Third Circuit LAR 34.1(a)
October 13, 2004

Before:  ALITO, MCKEE AND COWEN, CIRCUIT JUDGES

(Filed:June 29, 2005)

_____

OPINION
_____

PER CURIAM

Robert Nelson, proceeding pro se, appeals an order of the United States District

Court for the Middle District of Pennsylvania dismissing his civil rights action against Martin Horn, the former Secretary of the Pennsylvania Department of Corrections (the "DOC"), DOC employees, and William Ward, the Chairman of the Pennsylvania Board of Probation and Parole (together, the "Commonwealth defendants").[1] We will vacate the District Court's order and remand for further proceedings.

Nelson alleges in his complaint that he was denied parole because he refused to attend the Living Sober Therapeutic Community ("LSTC") Drug Program because it is based upon religion and a belief in a higher power. He states that he had the prison's recommendation three of the four times he was up for parole, completed all other programs, and had a good misconduct record. Nelson alleges that a new DOC policy precluded the prison from supporting him because he refused to attend the LSTC program, and that the DOC and the Parole Board continued to force him into the program. Nelson attached to his complaint documents reflecting the parole denials.

Based upon these facts, Nelson claims that Horn and Ward implemented policies that violated his First Amendment right to freedom of religion, and that the DOC employees followed these policies. Nelson seeks an order declaring that the Commonwealth defendants' actions violated his constitutional rights, and money damages for his stress and mental anguish.

---

[1]Nelson was a Pennsylvania prisoner when he filed this appeal. It appears that he may have been released during the pendency of the appeal.

2

The Commonwealth defendants moved to dismiss the complaint on the ground that Nelson failed to exhaust his administrative remedies before filing suit. The Magistrate Judge agreed, and recommended granting the motion to dismiss. The Magistrate Judge further stated that Nelson must seek relief in a habeas action to the extent he seeks to challenge his conviction and the duration of his sentence, and noted that Nelson may not recover money damages for stress and mental anguish absent a physical injury.

Nelson filed objections to the Magistrate Judge's report, in which he conceded that he failed to exhaust his remedies for his claims against the DOC defendants, but argued that no such remedies exist for his claims against the Parole Board. In adopting the Magistrate Judge's report and granting the motion to dismiss, the District Court also stated that Nelson must seek habeas relief to the extent he seeks to challenge the duration of his sentence, and that he must exhaust his First Amendment claim related to the conditions of his confinement. The District Court also noted that claims based upon all but one of the Parole Board's decisions referenced in the complaint are time-barred, and that the remaining decision was not based on a requirement that Nelson attend a substance abuse program.

This appeal followed. We exercise plenary review over a district court's decision to grant a motion to dismiss. Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004).

Nelson does not appeal the dismissal of his claims against the DOC defendants for a failure to exhaust, but argues that he should be able to proceed against the Parole Board

3

because there are no available administrative remedies.[2]

The Commonwealth defendants also argue that the District Court properly dismissed Nelson's claim against the Parole Board because he was required to bring it in a habeas action. This argument is foreclosed by the Supreme Court's recent decision in Wilkinson v. Dotson, 125 S. Ct. 1242 (2005), which addressed whether claims that state parole procedures are unconstitutional may be brought under § 1983. In holding that such claims are cognizable, the Supreme Court explained that a § 1983 action is barred if "success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 1248. In Wilkinson, success on the two prisoners' claims, one challenging his parole eligibility and the other challenging his parole suitability, did not mean a shorter stay in prison, but at most a new eligibility review and a new parole hearing. Id. Likewise, success on Nelson's claim would not necessarily demonstrate the invalidity of his confinement or its duration, but would establish that the Parole Board used improper factors in making its parole determination.[3]

---

[2]In their brief, the Commonwealth defendants do not dispute that Nelson has no administrative remedies against the Parole Board, but argue that the DOC, not the Parole Board, operates the LSTC program. We leave this argument for consideration by the District Court on remand.

[3]Although it appears Nelson was released from prison during the pendency of this appeal, his claim for damages is not moot. See, e.g., Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998). The Magistrate Judge correctly noted that damages for mental anguish are unavailable. See 42 U.S.C. § 1997e(e). However, § 1997e(e) does not bar a claim for nominal damages, which need not be alleged in the complaint. Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir. 2000).

On the merits, the District Court properly concluded that Nelson's claims based upon parole denials in 1998 and March 1999 are time-barred. Nelson filed his complaint in September 2001. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993) (stating Pennsylvania's two-year statute of limitations applies to § 1983 actions). The District Court, however, erred in dismissing Nelson's complaint based upon the October 2000 parole denial, which is not time-barred and states a claim for relief. See Kerr v. Farrey, 95 F.3d 472, 479-80 (7th Cir. 1996) (holding that requiring prisoner to attend drug program with religious content violates the Establishment Clause).[4]

Nelson also argues that the District Court erred in failing to address his due process and retaliation claims based on the Parole Board's requirement that he participate in the LSTC program. Nelson raised these claims in a supplement to his complaint. The District Court construed the supplement as a motion to amend the complaint, and denied it because Nelson sought release from prison in the supplement, and, as discussed above, such relief is only available in a habeas action. Under Wilkinson, success on these claims would not have required Nelson's immediate release, and he sought other forms of relief

---

[4]In finding that the Parole Board's October 2000 decision was not based upon Nelson's failure to participate in the LSTC program, the District Court decided a factual issue. The orders denying parole attached to Nelson's complaint arguably also support the inference that the October 2000 decision was based upon his failure to participate in light of a prior order requiring him to do so coupled with the decision in October 2000 that he serve his maximum sentence. It is not clear that Nelson can prove no set of facts that would entitle him to relief. See Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004) (setting forth standard of review in appeal from Rule 12(b)(6) dismissal).

in his initial complaint.  Thus, Nelson should be afforded the opportunity to amend his complaint.  See also Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (discussing elements of similar retaliation claim).[5]

Accordingly, we will vacate the order of the District Court dismissing Nelson's complaint and remand for further proceedings consistent with this opinion.

---

[5]Nelson also raises an ex post facto challenge in his appellate brief.  Nelson did not raise this claim in his complaint or supplement thereto, and his argument is not properly before the Court.  See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994) (stating Court will not consider issues raised for the first time on appeal).