NOT RECOMMENDED FOR PUBLICATION
File Name: 05a1001n.06
Filed: December 21, 2005

CASE NO. 03-6253

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DONALD LYNN TAYLOR,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants-Appellees.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY

BEFORE: DAUGHTREY and GILMAN, Circuit Judges, and RICE, Senior District Judge.[*]

WALTER H. RICE, Senior District Judge. The Appellant Donald Lynn Taylor is presently confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"). He filed a *pro se* complaint under 28 U.S.C. § 1331 (pursuant to the doctrine announced in Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-

---

[*]The Honorable Walter H. Rice, Senior United States District Court Judge for the Southern District of Ohio, sitting by designation.

2680 ("the FTCA"). In his complaint, Taylor alleged that the named Defendants[1] violated

his First Amendment right to exercise his religion[2] by requiring him to work on the day

he observes his Sabbath, and that various Defendants failed to properly process the

administrative grievances he has filed, within various levels of the Bureau of Prisons

("BOP"), with respect to his religious freedom claims. For the reasons cited within, we

AFFIRM the judgment of the District Court.

Taylor claimed that the Defendants made materially false statements in denying

his appeals in the BOP administrative remedy process, concealed facts by failing to

report violations of BOP Standards of Conduct, and deprived him of rights granted to

comparable prisoner faith groups. He also claimed that he suffered emotional stress as

a result of having to work on his Sabbath. He sought compensatory damages from

various Defendants, and punitive damages from Defendants Callahan, Lampkin, Watts,

Rabenecker and Barron.

The District Court conducted an initial screening of Taylor's complaint as required

---

[1]The Plaintiff named the following Defendants and, with respect to the individual Defendants, identified their positions as follows: the United States of America; George Snyder, former Warden of FCI-Manchester; Marian Callahan, the Administrative Remedy Coordinator of the Bureau of Prisons ("BOP"), Mid-Atlantic Regional Office ("MARO"); Hanley Lampkin, Regional Director of the MARO; Harrell Watts, Administrative Remedy Coordinator for the BOP Central Office and the National Administrator for federal inmate appeals; David Rabenecker, Chief of Chaplains at FPC's Religious Services Department; and Jose Barron, Jr., the current Warden of FPC-Manchester. The individually named Defendants were sued in their individual and official capacities.

[2]Appellant is a member of The House of Yahweh.

by 28 U.S.C. § 1915A and <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 607-08 (6th Cir. 1997). The court determined that he had failed to state a claim against any of the Defendants under either <u>Bivens</u> or the FTCA and dismissed the complaint without prejudice, for five reasons:

1. He failed to demonstrate that he had exhausted his administrative remedies in asserting his <u>Bivens</u> claims against the Defendants in their individual capacities;

2. A <u>Bivens</u> claim can not be asserted against federal employees in their official capacities;

3. The United States, as a defendant, is immune from his <u>Bivens</u> claim for monetary damages under the principle of sovereign immunity;

4. Taylor claimed that intentional acts of the Defendants caused his injuries and he may recover only for negligence under the FTCA; and

5. Money damages to prisoners for emotional distress or mental anguish are recoverable only where the prisoner can show a physical injury.

We affirm.


In its Opinion and Order, the district court took judicial notice of the fact that Taylor had filed a previous petition in the same court in 2002, alleging similar facts, seeking only an order enjoining Defendant Snyder from requiring him to work on his Sabbath, and from further restricting his free exercise of his religion. In the earlier case, the district court (Reeves, J) dismissed the complaint based on Taylor's failure to exhaust his administrative remedies. Appellant contends that the district court, in the instant case, erred by:

1. Taking judicial notice of the Order dismissing his 2002 complaint;

2. Dismissing his <u>Bivens</u> claims against the individually named Defendants

3

for failing to show that he had exhausted his administrative remedies; and

3.	Dismissing his FTCA claims for failing to demonstrate that his emotional distress was caused by a physical injury.

Appellant objects to the district court's taking judicial notice of the prior ruling. It is the opinion of the Appellant that the court, in dismissing the complaint at issue, relied, at least in part, on his 2002 complaint. In reviewing the record, it is apparent that the court, in taking judicial notice of the prior ruling, dismissed his complaint, not merely <u>because</u> his 2002 complaint had been dismissed, but <u>for the same reasons</u> that the earlier complaint had been dismissed. <u>Taylor v. United States of America, et al.</u>, 03cv294, Doc. #2, Doc. #4 (E.D. KY 2003, Caldwell, J). In fact, the district court took great care to discuss the differences between the earlier 2002 complaint and the 2003 complaint before it when it dismissed Appellant's latter complaint, from which this appeal is taken. <u>Id.</u> at 2-11. Given that the record clearly demonstrates that the 2002 complaint and the 2003 complaint contained similar facts, as well as similar claims filed against similar Defendants (the 2002 complaint named only Snyder as a defendant while the 2003 complaint contained a number of Defendants, including Snyder), it was not reversible error for the court to take judicial notice of the filing and the ruling in the earlier case.

The Appellant's second assignment of error claims that the district court erred by dismissing his complaint for failure to show that he had exhausted his administrative remedies, and that the district court additionally erred by not ordering further proceedings to allow him to demonstrate that he had in fact exhausted same. According to the statutory language in the Prison Litigation Reform Act of 1995 ("PLRA"), "no

4

action shall be brought...by a prisoner...until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This court has previously held that in order to avoid *sua sponte* dismissal, a prisoner must plead his claims with specificity and show that they have been exhausted by attaching documentary evidence of exhaustion. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.) *cert. denied*, 525 U.S. 833, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998). The purpose of this heightened pleading requirement exists so that district courts can avoid time-consuming evidentiary hearings in order to decide if a case must be dismissed under the mandatory language of § 1997e(a). Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). While Taylor did attach evidence indicating that he had exhausted his remedies relative to the claims he made in his 2002 complaint, he attached no evidentiary support to demonstrate administrative exhaustion of the claims he made in his 2003 complaint. The district court therefore acted appropriately in dismissing his complaint.[3]

Finally, Appellant assigns error to the dismissal of his claims of emotional distress based on his failure to plead a physical injury. 42 U.S.C. § 1997e(e) provides

---

[3]The district court dismissed Taylor's 2003 complaint because of his failure to demonstrate that he had exhausted his administrative remedies for the type of relief he sought. The question of whether a prisoner is required to re-exhaust administrative remedies when the only difference in his claims is the type of relief sought is a novel one, with *dicta* from the Supreme Court seeming to indicate that he is not. See Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819 (2001). However, since it is well-settled that a prisoner must exhaust his administrative remedies as to each defendant, and the evidence presented by Taylor indicates he exhausted his administrative remedies as to Defendant Snyder but to no one else, he has failed to exhaust his administrative remedies completely, and dismissal was appropriate in this case. See Hartsfield v. Vidor, 199 F.3d 305, 308-09 (6th Cir. 1999).

that "[n]o Federal civil action may be brought by a prisoner...for mental or emotional injury...without a prior showing of physical injury." Some courts have excluded constitutional claims from § 1997e(e). See Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (holding that § 1997e(e) does not apply to First Amendment claims); Mason v Schriro, 45 F.Supp.2d 709, 719 (W.D. Mo. 1999) (holding that § 1997e(e) does not apply to Fourteenth Amendment equal protection claims). However, the majority of courts hold § 1997e(e) applies to all federal prisoner lawsuits. See Thompson v. Carter 284 F.3d 411, 416 (2d Cir. 2002); Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001); Allah v. Al-Hafeez, 226 F.3d 247, 250-51 (3d Cir. 2000); Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004); Davis v. District of Columbia, 158 F.3d 1342, 1348-49 (D.C. Cir.1998). The Sixth Circuit has not yet ruled on this issue, and it is not necessary for us to reach it at this time. Exhaustion of administrative remedies is a prerequisite for *all* actions brought with respect to prison conditions. Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). As noted earlier, Taylor failed to provide documentary evidence that he had exhausted his administrative remedies as to each Defendant. Accordingly, the judgment of the District Court is AFFIRMED.