BLD-160                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4693
_____

CHARLES MACK,

Appellant

v.

JOHN YOST, Warden; TIM KUHN, Associate Warden;
JEFF STEVENS, Trust Fund Officer;  D. VESLOSKY,
Correctional Officer; DOUG ROBERTS, Correctional Officer
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00264)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 6, 2011 )
_____

OPINION
_____

PER CURIAM

Charles Mack appeals pro se from the order of the District Court dismissing his complaint. We will vacate and remand.

I.

Mack is a federal prisoner. According to his complaint, he is a practicing Muslim and was employed in his prison commissary, which contains pork products prohibited by the Muslim diet. See, e.g., Williams v. Bitner, 455 F.3d 186, 191-92 & n.6 (3d Cir. 2006) (recognizing that Muslims are not permitted to handle pork and generally are entitled to a pork-free diet). Mack alleges that he was provided certain accommodations on account of his religion for approximately five months. In October 2009, however, while he was working in the commissary, corrections officer Doug Roberts slapped him hard on the back and told him "you'll be looking for another job soon." Staff and other inmates snickered at Mack throughout the day until an inmate eventually told him that he had a label on his back reading "I LOVE BACON." The next day, Mack asked Roberts why he had put the label on his back and Roberts again told him "don't worry you'll be looking for another job soon." Two days later, Roberts loudly told Mack in the presence of other inmates and staff in the commissary that "there's no good Muslim, except a dead Muslim." Mack complained to the commissary supervisor, Jeff Stevens. One week later, he was fired from his job, purportedly for "bringing in inmate shoppers commissary lists." Mack denies the allegation, but claims that it is not a prohibited activity in any event.

Mack filed suit pro se against Roberts, Stevens and other prison personnel under

Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388

(1971), and the Religious Land Use and Institutionalized Persons Act of 2000

("RLUIPA").  He alleges that defendants violated his First and Eighth Amendment rights

by retaliating against him and creating a hostile environment, and he seeks nominal and

punitive damages as well as injunctive relief.  A Magistrate Judge screened his complaint

pursuant to 28 U.S.C. § 1915A and recommended dismissing it without leave to amend

for failure to state a claim.  Mack, who initially had submitted his complaint without the

filing fee or an in forma pauperis application, then paid the filing fee in full and filed

objections.  The Magistrate Judge ordered Mack to further address certain issues, which

he did.  The District Court then adopted the Magistrate Judge's recommendation and

dismissed the complaint by order entered November 30, 2010.  Mack appeals.[1]

II.

The District Court was obligated to screen Mack's complaint and identify any

"cognizable claims."  28 U.S.C. § 1915A(b).  In doing so, it was obligated to review his

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  Our review is plenary.  See Allah
v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  In reviewing Mack's complaint, we
"'accept all factual allegations as true, construe the complaint in the light most favorable
to the plaintiff, and determine whether, under any reasonable reading of the complaint,
the plaintiff may be entitled to relief.'"  Phillips v. County of Allegheny, 515 F.3d 224,
233 (3d Cir. 2008) (citation omitted).  The factual allegations must state a "plausible"
claim—i.e., one that permits "the reasonable inference that the defendant is liable for the
misconduct alleged."  Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009).  If a
complaint is subject to dismissal, "a district court must permit a curative amendment

3

complaint de novo, see 28 U.S.C. § 636(b)(1), and construe it liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007). Yet the District Court dismissed Mack's complaint on the basis of a cursory report and recommendation that fails to acknowledge material allegations, fails to apply the proper legal standards to those it does acknowledge, and fails to address potentially cognizable claims that should not have been dismissed without leave to amend. Accordingly, we will remand for further proceedings.

We begin with Mack's claim for retaliation. "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal punctuation and citations omitted).

Mack's allegations regarding all three elements are sufficient to proceed. First, regarding the protected conduct, the Magistrate Judge acknowledged that Mack alleged retaliation in the form of firing from his job, but concluded that "[r]etaliation for what is not alleged." (R&R at 2 n.1.) Mack, however, expressly alleged that he was fired from his job in retaliation for complaining to the commissary supervisor about Roberts's conduct. (Compl. at 8, ¶¶ 39, 41.) The District Court did not address whether Mack's informal complaint to the commissary manager is a protected activity. Filing a formal

unless such an amendment would be inequitable or futile." Id. at 245; see also Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002).

prison grievance clearly constitutes protected activity, and certain informal, oral complaints to prison personnel have been held to constitute protected activity as well. See, e.g., Pearson v. Welborn, 471 F.3d 732, 740-41 (7th Cir. 2006); see also 28 C.F.R. § 542.13(a) (requiring presentation of an issue "informally to staff" before filing of a formal Request for Administrative Remedy). The District Court should consider this issue in the first instance and, if it determines that Mack's complaint is deficient in this regard, provide him with leave to amend.

Second, Mack has sufficiently alleged adverse action in the form of loss of employment. The Magistrate Judge believed that loss of employment was not sufficiently adverse because he considered it "less significant" than the liberty deprivation we found insufficient in Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). That "comparative-significance" approach is not a substitute for stating and applying the proper standard. The standard is whether the loss of employment would be sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and we have expressly recognized that the loss of employment opportunities may qualify. See, e.g., Allah, 229 F.3d at 225 (recognizing that "placing plaintiffs lower on promotion ranking lists . . . was sufficiently adverse to state a claim for retaliation").

Finally, Mack has sufficiently alleged a causal connection between his complaint to the commissary supervisor and the loss of his job. Mack specifically alleges that he was fired because of that complaint one week thereafter on the basis of a false and pretextual reason. (Compl. at 8, ¶¶ 38-41.) The Magistrate Judge, however, concluded

5

that Mack had not stated a retaliation claim because he did not allege that his "disciplinary sanction" has been overturned. In doing so, he relied on <u>Carter v. McGrady</u>, 292 F.3d 152, 159 (3d Cir. 2002), for the proposition that prison officials would have taken the same action regardless of protected conduct when an infraction is supported by sufficient evidence.

That reasoning both misreads Mack's claim and confuses his obligation at the pleading stage with the ultimate burden of proof. As Mack clarified in response to the Magistrate Judge's order, he has not alleged any formal "disciplinary sanction," but only that he was fired from his job. In any event, Mack's burden at the pleading stage is merely to state a prima facie case by alleging that his protected conduct was a "substantial or motivating factor" for the loss of his job. <u>Rauser v. Horn</u>, 241 F.3d 330, 334 (3d Cir. 2001). Mack clearly has done so. <u>See</u> <u>Mitchell</u>, 318 F.3d at 530 ("[W]e agree with [plaintiff] that the word 'retaliation' in his complaint sufficiently implies a causal link[.]"). If Mack ultimately makes out a prima facie case of retaliation, then the burden will shift to defendants to show that they would have taken the same action anyway for legitimate reasons. <u>See</u> <u>Rauser</u>, 241 F.3d at 333-34. The burden is not on Mack to prove, let alone plead, to the contrary. <u>Cf.</u> <u>Carter</u>, 292 F.3d at 159 (addressing issue at summary judgment stage).

Thus, Mack's retaliation claim is sufficient at the very least to allow him to amend his complaint. His allegations about mistreatment on the basis of his religion are as well.

6

Mack alleges that he was subjected to the offensive "I LOVE BACON" sticker and the "dead Muslim" comment in front of other inmates and staff. Mack also alleges that Roberts told him that he would be "looking for a new job soon" when he slapped the "I LOVE BACON" sticker on his back and again when Mack asked him why he had done so, and that he was ultimately fired when he complained. He further alleges that these actions left him humiliated and embarrassed for having been singled out on account of his religious beliefs.

Mack expressly asserted that defendants violated his First Amendment right to practice as a Muslim, and his allegations clearly invite inquiry into that issue. The Magistrate Judge, however, did little more than dismiss the "I LOVE BACON" incident as a "junior high school level prank," characterize Mack's complaint as one based on mere "offended religious sensibilities," and state that "[t]he Prison Litigation Reform Act does not give a cause of action for emotional distress." (R&R at 2-3.)[2] The Magistrate Judge did not acknowledge Mack's other allegations or address whether he stated, or by amendment could state, a free exercise claim. See, e.g., Washington, 497 F.3d at 280 (defining "substantial burden" on religion for RLUIPA purposes as, inter alia, "substantial pressure on an adherent to substantially modify his behavior and to violate

_____

[2] The Magistrate Judge presumably was referring to 42 U.S.C. § 1997e(e), which prohibits prisoners from recovering compensatory damages "for mental or emotional injury . . . without a prior showing of physical injury." That prohibition does not extend to nominal or punitive damages, see Allah v. Al-Hafeez, 226 F.3d 247, 251-52 (3d Cir. 2000) (addressing effect of § 1997e(e) on First Amendment claim), or to injunctive relief,

7

his beliefs"); <u>Brown v. Borough of Mahaffey</u>, 35 F.3d 846, 849-50 (3d Cir. 1994) (holding that plaintiff asserting free exercise claim on the basis of intentional targeting of religious exercise need not show a "substantial burden" because "[a]pplying such a burden test . . . would make petty harassment of religious . . . exercise immune from the protection of the First Amendment").  The Magistrate Judge also did not address whether Mack's allegations state, or by amendment could state, an independent retaliation claim based on the exercise of his religion.  Indeed, the Magistrate Judge does not appear to have recognized that Mack's allegations implicate his First Amendment religious rights at all.

The District Court nevertheless adopted the Magistrate Judge's analysis without further comment.  We appreciate the burden entailed in reviewing numerous and often frivolous pro se prisoner complaints in addition to managing already crowded dockets.  Mack's complaint, however, raises potentially meritorious claims predicated on a constitutionally protected interest.  He paid the fee to file that complaint and, as far as we are aware, has never filed a complaint raising similar claims before.

Accordingly, we will vacate and remand for further proceedings.  On remand, the District Court shall reconsider its ruling in accordance with this opinion and, if it again concludes that Mack's complaint fails to state a claim for any reason, provide him with an opportunity to amend or explain why amendment would be futile.

---

see <u>Mitchell</u>, 318 F.3d at 533-34.  Mack has expressly requested those forms of relief. He has not, as the Magistrate Judge erroneously stated, requested compensatory damages.