**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1031
_____

GARY E. VAUGHN, JR.,
                                        Appellant

v.

CAMBRIA COUNTY PRISON;
NORMAN KRUMENACKER, County Prison Board President;
CHRISTIAN SMITH, Warden, Cambria County Prison;
TAMMY SINCLAIR, Counselor, Cambria County Prison;
DONALD OCHENRIDER, JR., Captain, Cambria County Prison;
KURT WOLFORD, Grievance Lieutenant, Cambria County Prison;
JOHN SIKORA, Counselor, Cambria County Prison
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 3-16-cv-00249)
Magistrate Judge:  Honorable Keith A. Pesto
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 2, 2017

Before: AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 3, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Gary A. Vaughn, Jr., proceeding pro se and in forma pauperis, appeals from the United States District Court for the Western District of Pennsylvania's order sua sponte dismissing his complaint under 28 U.S.C. § 1915A. For the following reasons, we will affirm in part, vacate in part, and remand.

In November 2016, Vaughn filed a civil rights complaint under 42 U.S.C. § 1983 raising ten claims. In particular, Vaughn alleged that prison officials at Cambria County Prison removed him from his prison law librarian job and transferred him to FCI Loretto in retaliation for assisting other inmates with their legal claims. He also asserted claims on behalf of other inmates, alleging that prison officials denied their rights under the First, Sixth, Eighth, and Fourteenth Amendments. For instance, Vaughn alleged that inmates were denied access to the courts, developed respiratory illnesses because of exposure to black mold and were denied adequate dental health care, and were prohibited from calling their attorneys at the County Public Defender's Office. Finally, he claimed that prison officials directed him to "cease and desist" providing legal assistance to other inmates. Vaughn consented to jurisdiction by a Magistrate Judge, who sua sponte dismissed the complaint under § 1915A, concluding that there were "no meritorious claims … and no reasonable likelihood of any amendment that would allege meritorious claims." Vaughn appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal of Vaughn's complaint. See Allah v.

2

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, a complaint need only contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a § 1983 retaliation claim, Vaughn must allege: (1) that the conduct leading to the alleged retaliation was constitutionally protected; (2) that he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his protected conduct was a substantial or motivating factor in the adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

The Magistrate Judge held that Vaughn "has no right to provide legal assistance to an inmate." In support of that conclusion, the Magistrate Judge relied on Shaw v. Murphy, in which the Supreme Court held that there is no independent First Amendment right to provide legal assistance to fellow inmates that enhances the protections that are otherwise available under Turner v. Safley, 482 U.S. 78 (1987). 532 U.S. 223, 228 (2001). After the Magistrate Judge dismissed Vaughn's complaint, we held that an inmate "plausibly alleged that his conduct in assisting his assigned inmate prepare a grievance, which was both pursuant to his job duties and in accordance with prison regulations, was not inconsistent with legitimate penological interests, and therefore could fall within the limited First Amendment rights that prisoners retain." Wisniewski v. Fisher, 857 F.3d 152, 156-57 (3d Cir. 2017). Here, Vaughn alleged that he provided "prison authorized assistance to other inmates" as the "prison's only law librarian." According to Vaughn, that position's duties included assisting inmates with legal

3

research, with technical problems with the computer and software, with use of the typewriter, and with drafting letters and legal documents. In light of Wisniewski, we conclude that these allegations regarding the first element of a retaliation claim are sufficient to survive initial review under § 1915A.

In addition, the Magistrate Judge erred in holding that Vaughn did not suffer an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights. The Magistrate Judge stated that "[t]ransfer *simpliciter* from Cambria County to Loretto is not adverse action[,]"[1] and held that the named defendants (all officials at the Cambria County Prison) had no personal involvement in Vaughn's transfer because he was technically in the custody of the United States Marshals Service. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs [to be liable].'"). But the Magistrate Judge should have permitted Vaughn to amend his complaint to make specific allegations about the defendants' involvement in the decision to transfer him. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). We also note that the Magistrate Judge's conclusion about the defendants' lack of personal involvement does not apply to Vaughn's retaliation claim based on the loss of his prison

---

[1] In reaching this conclusion, the Magistrate Judge noted that transfer to FCI Loretto would not deter Vaughn from exercising his constitutional rights because he had in fact requested such a transfer, believing that the conditions were better there. But "[t]he question is not whether the plaintiff [himself] was deterred, though how plaintiff acted might be evidence of what a reasonable person would have done." Garcia v. City of Trenton, 348 F.3d 726, 729 (8th Cir. 2003). Instead, the ordinary firmness "test is an objective one, not subjective." Id.

librarian job. Here, Vaughn alleged that the President of the Prison Board, Norman Krumenacker, ordered his termination from that job. Notably, we recently concluded that "the termination of prison employment constitutes adverse action sufficient to deter the exercise of First Amendment rights, satisfying the second element of a retaliation claim at this stage of the litigation." Wisniewski, 857 F.3d at 157.

Vaughn also sufficiently alleged that the protected conduct was a substantial or motivating factor in the adverse action. See Treasurer of N.J. v. U.S. Dep't of Treasury, 684 F.3d 382, 395 (3d Cir. 2012) (stating that the Court accepts as true all factual allegations set forth in the complaint, and construes them in favor of the nonmoving party). In his complaint, Vaughn alleged that he was fired after working as the prison law librarian for over 13 months. According to Vaughn, the President of the Prison Board ordered that Vaughn be terminated because he was helping other inmates in the law library and did not possess a valid law license. Vaughn also claimed that prison officials directed him to "cease and desist" providing legal assistance to other inmates. In sum, we conclude that Vaughn has stated a retaliation claim, and that dismissal of this claim was in error.

Vaughn's remaining claims were brought on behalf of other inmates at the Cambria County Prison. The Magistrate Judge correctly determined that Vaughn lacks standing to raise such claims. But he should be allowed to amend his complaint to identify a "personal stake" in the alleged constitutional violations. See Weaver v. Wilcox, 650 F.2d 22, 27-28 (3d Cir. 1981). In this connection, with the exception of Vaughn's dental health care claim, see Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir.

2002) (holding that plaintiff in a prison conforming to National Commission on Correctional Health Care standards "cannot establish that the lack of routine teeth cleaning constitutes deliberate indifference to serious medical needs" (internal quotation marks omitted)), it is not clear that amendment of these claims would be futile. See also Lewis v. Casey, 518 U.S. 343, 351 (1996) (to pursue a claim of denial of access to the courts an inmate must allege an actual injury to his ability to litigate a claim); Board v. Farnham, 394 F.3d 469, 485–86 (7th Cir. 2005) (holding that allegation of inadequate ventilation in prison may state a claim for relief); Allah v. Al-Hafeez, 226 F.3d 247, 251-52 (3d Cir. 2000) (discussing availability of nominal and punitive damages for constitutional violations).

We note that all of Vaughn's claims pertain to his confinement at the Cambria County Prison and, with the exception of his request for punitive damages for the alleged exposure to black mold, Vaughn sought only declaratory and injunctive relief.[2] He is now incarcerated at the FCI Fort Dix. "An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (citing Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993)). Therefore, the Magistrate Judge properly dismissed as moot Vaughn's claims for declaratory and injunctive relief. But Vaughn's transfer does not render moot a request

_____

[2] The Magistrate Judge stated that punitive damages were unavailable under 18 U.S.C. § 3626(a)(1)(A), but acknowledged that "there are post-[Prison Litigation Reform Act] decisions assuming that punitive damages are still available." See Johnson v. Breeden, 280 F.3d 1308, 1325 (11th Cir. 2002). We offer no opinion on this issue at this time, and defer consideration of it in this proceeding because liability has not yet been found. See Wilkerson v. Stalder, 329 F.3d 431, 434 n.3 (5th Cir. 2003).

for damages raised in an amended complaint.  See id. at 249; see also McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999) (per curiam) ("[W]e see nothing illegitimate about a plaintiff seeking a new type of relief when intervening events occur during the pendency of litigation that makes the originally sought relief impossible."). Thus, on remand, the District Court should permit Vaughn to file an amended complaint to "make clear the nature of any damages he seeks …." Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002).

In sum, we will affirm the Magistrate Judge's determination that Vaughn lacks standing to bring claims on behalf of other inmates, as well as the dismissal of Vaughn's request for declaratory and injunctive relief.  We will vacate and remand, however, with respect to the dismissal of Vaughn's retaliation claim.  On remand, the District Court should permit Vaughn to amend his complaint to include claims for damages, to allege that the defendants were personally involved in the decision to transfer him, and to allege a "personal stake" in the other purported constitutional violations, with the exception of his dental health care claim.