NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3803
_____

JOHN R. ZIMMERMAN,
Appellant

v.

THOMAS W. CORBETT; LINDA L. KELLY;
FRANK G. FINA; K. KENNETH BROWN, II;
MICHAEL A. SPROW; ANTHONY J. FIORE;
GARY E. SPEAKS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court Civil No. 1-13-cv-02788)
District Judge:  Honorable Yvette Kane

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2018

BEFORE:  JORDAN, VANASKIE, and NYGAARD, *Circuit Judges*

(Filed: September 27, 2018)
_____

OPINION[*]
_____

NYGAARD, *Circuit Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant John R. Zimmerman, a former staff person for the Pennsylvania House of Representative's Republican Caucus, was implicated in what was then dubbed the "Computergate/Boxgate" scandal.  Charges against Zimmerman were ultimately dismissed and he sued the Appellees in the District Court alleging malicious prosecution.  The District Court denied the Appellees' motions to dismiss and denied, in part, their motion for a judgment on the pleadings.  Because the motions to dismiss invoked qualified immunity, we had jurisdiction to entertain an immediate appeal from the Appellees.  *Zimmerman v. Corbett et al.*, 873 F.3d 414, 416 n. 3 (3d Cir. 2017).  The Appellees appealed.  We reversed the District Court's rulings and remanded with instructions that it enter judgment in favor of the Appellees.  *See id.* at 616.  The District Court did so and now Zimmerman appeals.  We will affirm.[1]

Zimmerman raises three issues on appeal.  First, he claims that he stated a valid claim for malicious prosecution.  But we have already determined that he did not. *Zimmerman*, 873 F.3d at 416 ("[W]e conclude that there was probable cause to initiate those criminal proceedings and that Zimmerman can therefore not establish a prima facie case of malicious prosecution.").  Under the law of the case doctrine, "that decision should continue to govern" unless there are "extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816-17 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8).  There are no extraordinary circumstances

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331.  Our jurisdiction is based on 28 U.S.C. § 1291.  We review a denial of a motion for judgment on the pleadings de novo.  *Allah v. Al-Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000).

present here.  As we explained before, ample information existed from which the Appellees could have formed probable cause to arrest Zimmerman.  Thus, he cannot state a claim for malicious prosecution which requires, among other things, the initiation of criminal proceedings without probable cause.  *Zimmerman*, 873 F.3d at 418-19; *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).  We therefore reject Zimmerman's argument as having already been decided.

Zimmerman's two remaining issues challenge any immunity given to Appellees for the malicious prosecution.  Since Zimmerman cannot state a claim for that intentional tort, we need not address his remaining arguments.