243 N.J. Super. 170 (1990)
578 A.2d 1248
IRONBOUND HEALTH RIGHTS ADVISORY COMMISSION, ET AL., PLAINTIFFS-APPELLANTS,
v.
DIAMOND SHAMROCK CHEMICALS COMPANY, ET AL., DEFENDANTS-RESPONDENTS.
JOHN BRENNAN, ET AL., PLAINTIFFS-APPELLANTS,
v.
DIAMOND SHAMROCK CHEMICALS COMPANY, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 28, 1988.
Decided August 8, 1990.
*171 Before Judges Bilder, Ashbey and A.M. Stein.
Michael Gordon argued the cause for appellants (Gordon, Gordon & Haley, P.C., attorneys; Timothy S. Haley, Michael Gordon and Stefanie A. Brand on the brief; Michael Gordon on the reply letter brief).
George W.C. McCarter argued the cause for respondents (McCarter & English, attorneys; George W.C. McCarter, of *172 counsel and on the brief; J. Forrest Jones and Kevin J. Connell on the brief).
The opinion of the court was delivered by A.M. STEIN, J.A.D.
We granted leave to appeal from the Law Division's order granting defendant Diamond Shamrock Chemicals Company partial summary judgment on the claims for emotional distress set forth in paragraph No. 192 and Counts Eight and Nine of plaintiffs' amended complaint. We affirm.
In Mauro v. Raymark Industries, Inc., 116 N.J. 126, 137, 561 A.2d 257 (1989) the New Jersey Supreme Court specifically left undecided the question of whether exposure to toxic chemicals without physical injury gives rise to a claim for emotional distress damages. This case is not a suitable vehicle for resolution of all dimensions of that issue.
Plaintiffs are ninety-seven individuals, and estates of individuals, who lived, worked and conducted business in the vicinity of the Diamond Shamrock plant in the Ironbound section of Newark.[1] They claim to suffer mental distress from the knowledge or belief that they were exposed to dioxin, a highly toxic by-product of the agricultural chemicals manufactured by Diamond Shamrock at this plant from 1957 to 1970. The underlying facts describing the basis of the claimed exposure are set forth in Judge Long's opinion in our earlier decision in I.H.R.A.C. v. Diamond Shamrock Chem., 216 N.J. Super. 166, 168-169, 523 A.2d 250 (App.Div. 1987).
Paragraph No. 192 of the amended complaint alleges that

*173 As a direct ... result of defendant Diamond's activities, the individual plaintiffs have suffered extreme emotional distress proximately caused by the... inhalation and absorption of [dioxin] and other toxics, ...
Count Eight states:
Defendant Diamond knew of the dangers of [dioxin] and other toxics that Diamond placed into the environment in the area surrounding 80 Lister Avenue and defendant Diamond failed to warn of the danger or take action to prevent the danger to plaintiffs.
Individual plaintiffs have suffered and will continue to suffer emotional and mental distress, including fear and anxiety.
Count Nine states:
Defendant Diamond negligently created dangers by its manufacture of [dioxin] and other toxics and its negligent placement of these materials in the environment surrounding 80 Lister Avenue.
Individually, plaintiffs have suffered and will continue to suffer emotional distress including fear and anxiety.
Plaintiffs claim exposure to toxic substances in a variety of ways: that it was brought to some homes on the clothing and shoes of plant workers, contact being made when plaintiff spouse would wash her husband's clothes; from consumption of fruits and vegetables purchased at a local farmers' market or grown in neighborhood yards; from playing as a child at and around the factory site; in one instance, by a son who ministered to the chloracne sores on the body of his father, a plant worker (chloracne results from exposure to toxic chemicals, in this case dioxin, and manifests itself in acne-like skin eruptions); and one plaintiff who believed that the Department of Environmental Protection found evidence of dioxin in his home.
Plaintiffs concede that they sustained no physical injuries from their claimed exposure to dioxin. There are no present symptoms of severe emotional disturbance or a recognized mental illness. None of them have had physical examinations. One plaintiff, asked at deposition if he had ever been or wanted to be tested to determine if he had any toxic substance in his body, replied, "I don't know. I don't know if I want to know."
Giving plaintiffs the best inferences from the record before us, their claimed emotional distress is the fear that they might some day become seriously ill from the previous inhalation and *174 absorption of dioxin. They are apprehensive. Their concerns may be understandable but they are not compensable.
A person who sustains physical injury because of exposure to toxic chemicals may recover damages for emotional distress based on a reasonable concern that he or she has an enhanced risk of future disease. Mauro, supra, 116 N.J. at 137, 561 A.2d 257 (1989) (pleural thickening following asbestos exposure); Devlin v. Johns-Manville Corp., 202 N.J. Super. 556, 560-563, 495 A.2d 495 (Law Div. 1985) (asbestosis resulting from asbestos exposure). In the absence of physical injury, damages are allowed where the resultant emotional distress is severe and substantial. Frame v. Kothari, 115 N.J. 638, 642, 560 A.2d 675 (1989) (actual witnessing by family members of physician's malpractice and observing injurious effects thereof on patient can give rise to damages for emotional distress; no recovery, however, because parents did not witness malpractice and effects thereof); Buckley v. Trenton Savings Fund Soc., 111 N.J. 355, 367-368, 544 A.2d 857 (1988) (even where infliction of emotional distress is intentional, recovery not allowed unless emotional distress is severe; no tort damages allowed for bank's wrongful dishonor of plaintiff's check resulting in aggravation, embarrassment, unspecified number of headaches and sleep loss); Strachan v. John F. Kennedy Memorial Hosp., 109 N.J. 523, 534, 538 A.2d 346 (1988) (delay in removing brain-dead person from life support system resulted in "compelling evidence of distress" to next-of-kin); Portee v. Jaffee, 84 N.J. 88, 101, 417 A.2d 521 (1980) (plaintiff mother, a helpless observer, saw her son die while trapped in elevator; following son's death plaintiff became severely depressed and suicidal); 2 Restatements, Torts 2d, § 436A, Comment c at 462 (1965) (negligent infliction of emotional disturbance without resultant bodily harm not actionable unless emotional claims of such severity and duration as to be tantamount to bodily harm); Prosser and Keeton on Torts, § 54 at 362 (5th ed. 1984) (mental disturbance without physical injury actionable where there is a likelihood of genuine and serious mental distress *175 arising from special circumstances; this serves as guarantee that claim is not spurious).
As Justice Pollock pointed out in Frame v. Kothari, evaluation of a claim for emotional distress involves drawing lines. 115 N.J. at 649, 560 A.2d 675. This case, involving no evidence of serious mental illness, belongs on the non-liability side of the line.
Affirmed.
NOTES
[1] There are actually 128 plaintiffs making various claims against Diamond Shamrock, some of whom were defendant's former employees. These claims are by nonworker plaintiffs.