**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4736
_____

ALEX MICHEL,
                                        Appellant

v.

DENNIS LEVINSON, Atlantic County Executive;
GARY MERLIN, Warden Atlantic County Jail;
JOHN DOE, Director (head) of The Center For Family Guedence Health Systems;
NURSE MARIE;  NURSE KAREN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-cv-01466)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 12, 2011
Before:  BARRY, JORDAN AND GARTH, Circuit Judges

(Opinion filed: July 12, 2011 )

_____

OPINION
_____

PER CURIAM

Alex Michel appeals from an order of the District Court granting summary

judgment on his claims that he suffered emotional injury when he was allegedly exposed

to Tuberculosis ("TB") while incarcerated at the Atlantic County Justice Facility ("ACJF").[1] For the following reasons, we will affirm.

I.

Michel is one of numerous inmates/former inmates alleging violations of federal and state law in connection with a TB outbreak at ACJF originating with the incarceration of Mateen Dennis.[2] On October 7, 2006, Dennis was admitted to ACJF and given a medical screening. He informed ACJF medical staff that he had previously been treated for TB but "ran out of meds." Dennis was given a test for TB, which was read as negative, released into the general population, and housed in an area of the facility known as F Left. On October 27, 2006, Dennis was taken to a nearby hospital where he was diagnosed with and treated for active TB; he was returned to the jail once doctors determined that he was no longer contagious. Upon learning that Dennis had active TB, ACJF worked with the Atlantic County Department of Health to test inmates determined to be at risk because they were housed near Dennis. Inmates found to have been exposed were taken to the hospital or offered other treatment based on the extent of their exposure.

---

[1] TB is an infectious disease caused by a bacteria, Mycobacterium Tuberculosis. Individuals with active TB will show symptoms of the disease while those with latent TB are infected but asymptomatic. An individual with latent TB has a small possibility of developing active TB at a later point in time. (Stipulated Statement of Material Facts ¶ 3.)

[2] Michel was incarcerated at ACJF at the time he filed the instant lawsuit but has

2

Several lawsuits stemming from the outbreak were filed against the ACJF and other defendants by inmates seeking damages based on their exposure or fear of exposure to TB. Those cases brought by plaintiffs who developed active or latent TB as a result of their exposure to Dennis were settled. Michel, however, is among those plaintiffs who neither developed active TB or latent TB nor sustained any physical injury as a result of defendants' handling of the situation. Instead, Michel sought to recover compensatory and punitive damages for the emotional injury he allegedly sustained due to defendants' failure to protect him from exposure to TB. His case was one of several consolidated with the lead case of Brown v. County of Atlantic, Civil Action No. 07-0824. Pro bono counsel was assigned to represent those plaintiffs who desired counsel, including Michel.

Defendants moved for summary judgment against those plaintiffs whose claims had not been settled or dismissed – all of whom sought recovery solely for emotional injury – and organized their motion by separating the remaining plaintiffs into one of several categories. Michel, through counsel, stipulated to his inclusion in the category of inmates who had been housed in F Left, but not with Dennis during a time when he was contagious. It is undisputed that inmates in that category were never exposed to TB.

The District Court granted summary judgment, issuing one opinion that disposed of the claims of all remaining plaintiffs. The District Court held that: (1) plaintiffs' federal constitutional claims were barred by the Prison Litigation Reform Act and

since been released.

3

applicable law pertaining to 42 U.S.C. § 1983; (2) Michel and similarly situated plaintiffs could not recover on their state law claims because they had never been exposed to TB, rendering any fear of exposure unreasonable; (3) even if those plaintiffs had somehow been exposed, they lacked any proof of emotional damages; and (4) there was no basis for plaintiffs' punitive damages claims. The District Court recognized that Michel had submitted a letter in support of his claims, but concluded that nothing in the letter established that he was exposed to TB from being housed with Dennis while Dennis was contagious or "specifically explain[ed] the emotional injury he suffered." (June 11, 2010 Mem. 12 n.9.) Michel timely appealed to this Court.

## II.

The District Court had jurisdiction over Michel's complaint pursuant to 28 U.S.C. §§ 1331 & 1367. We have jurisdiction under 28 U.S.C. § 1291.[3] We review a district court's grant of summary judgment de novo. Pichler v. UNITE, 542 F.3d 380, 385 (3d Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[4] Fed. R.

---

[3] The District Court's order granting summary judgment was not appealable until the District Court modified that order by disposing of the cross-claims remaining in the litigation. See Owens v. Aetna Life & Cas. Co., 654 F.2d 218, 220 n.2 (3d Cir. 1981). Since Michel filed his notice of appeal within 30 days of the District Court's modified order, his appeal is timely.

[4] The text of Rule 56 changed as of December 1, 2010, but we will apply the

4

Civ. P. 56(c)(2) (2010). We must "view all evidence and draw all inferences in the light most favorable to the non-moving party," Startzell v. City of Phila., 533 F.3d 183, 192 (3d Cir. 2008), and may affirm on any ground supported by the record. Berardi v. Swanson Mem'l Lodge No. 48, 920 F.2d 198, 201-02 (3d Cir. 1990).

On appeal, Michel argues that the District Court failed to consider his allegations that he was exposed to Bernard Snead (who had apparently become infected by Dennis) but was not tested for TB despite his requests to see the doctor. Michel therefore suggests that he was placed in the incorrect category of inmates since he was, in fact, exposed to TB, and contends that the District Court simply lumped him in with other plaintiffs because of the consolidated nature of the proceedings. Defendants respond that even if Michel should have been classified with those inmates exposed to TB as a result of their incarceration in F Left with Dennis – as was another plaintiff who alleged exposure to an individual infected by Dennis – there is still no basis for his claims. Specifically, they argue that summary judgment was warranted because Michel failed to submit sufficient evidence of emotional injury to survive summary judgment.

Summary judgment was warranted on Michel's state law claims for emotional distress regardless of whether the District Court placed him in the proper category. New Jersey precludes recovery for emotional injuries absent physical injury unless the plaintiff can establish "emotional distress 'so severe that no reasonable man could be expected to

version of the rule in effect at the time the District Court granted defendants'

endure it.'" Schillaci v. First Fid. Bank, 709 A.2d 1375, 1380 (N.J. Super. Ct. App. Div. 1998) (quoting Buckley v. Trenton Sav. Fund Soc'y, 544 A.2d 857, 865 (N.J. 1988)) (internal quotations omitted); see also Gendek v. Poblete, 654 A.2d 970, 973 (N.J. 1995). Furthermore, a plaintiff who has not been physically injured but who seeks damages for emotional distress based on exposure to disease must establish "a reasonable concern that he or she has an enhanced risk of future disease." Ironbound Health Rights Advisory Comm'n v. Diamond Shamrock Chem. Co., 578 A.2d 1248, 1250 (N.J. Super. Ct. App. Div. 1990); see also Williamson v. Waldman, 696 A.2d 14, 23 (N.J. 1997) ("Emotional-distress damages must be based on the fears experienced by a reasonable and well-informed person.").

It is undisputed that Michel was never exposed to Dennis while Dennis was contagious. Furthermore, there are no affidavits nor any other evidence in the record establishing that Michel was exposed to Snead while Snead was allegedly infected. Accordingly, Michel has not established that he was actually exposed to TB or that his TB-related concerns were reasonable.

Additionally, Michel has not produced sufficient evidence of severe and substantial distress to create a jury question. The only evidence of Michel's alleged emotional injury is a January 24, 2007 medical request slip seeking a chest x-ray "due to TB concern," and an April 11, 2007 medical request slip seeking mental health treatment

---

motion.

because he was experiencing insomnia, anxiety, and nightmares. Yet despite his claims of anguish and distress, Michel acknowledges that he never experienced "any problem in [his] ability to function on a daily basis or in [his] ability to carry out [his] every-day activities as a result of any alleged mental or emotional injuries." (Stipulated Statement of Material Facts ¶ 21.) We conclude that Michel's concern and anxiety – the extent and duration of which are unspecified – are insufficient as a matter of law to warrant recovery.[5] See Buckley, 544 A.2d at 865 (evidence of "aggravation, embarrassment, an unspecified number of headaches, and loss of sleep" did not constitute severe emotional distress sufficient to support recovery on intentional infliction of emotional distress); Trisuzzi v. Tabatchnik, 666 A.2d 543, 548 (N.J. Super. App. Div. 1995) ("nightmares, anticipatory anxiety and feelings of guilt" that did not significantly interfere in plaintiff's life did not equate to severe distress).

We also conclude that the District Court correctly granted summary judgment on Michel's federal constitutional claims to the extent he sought compensatory damages.

---

[5] In his brief, Michel suggests that he cannot establish a medical basis for his injury because ACJF staff did not respond to his requests for treatment. But our rejection of his claims is not based on the lack of medical records. Instead, it is apparent that the symptoms for which Michel sought treatment and his "TB concern" do not reflect that he was suffering from the type of severe mental distress compensable under New Jersey law. See Decker v. Princeton Packet, Inc., 561 A.2d 1122, 1129 (N.J. 1989). We also note that, to the extent Michel was pursuing medical malpractice claims, he failed to file an affidavit of merit in accordance with New Jersey law. See N.J. Stat. Ann. § 2A:53A-29; Chamberlain v. Giampapa, 210 F.3d 154, 160-61 (3d Cir. 2000).

7

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see also Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003). Michel was incarcerated at ACJF when he filed suit and stipulated that his claims for compensatory damages are limited to recovery for "mental or emotional injury." (Stipulated Statement of Material Facts ¶ 12.) Accordingly, § 1997e(e) bars him from recovering compensatory damages on his federal claims. See Herman v. Holiday, 238 F.3d 660, 666 (5th Cir. 2001) (holding that § 1997e(e) barred damages claims based on emotional distress stemming from fear of asbestos exposure); Davis v. Dist. of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (holding that § 1997e(e) barred claims for emotional injury despite physical manifestations of weight loss, appetite loss, and insomnia). Indeed, Michel appears to have conceded as much in his opposition to defendants' motion for summary judgment. (Pls.' Opp'n 6 ("generally" agreeing with defendants' discussion of the PLRA and arguing only that state law claims and punitive damages claims are not barred).)

Although § 1997e(e) does not preclude Michel from seeking punitive damages on his federal claims, Mitchell, 318 F.3d at 533, we agree with the District Court that there is nothing in the summary judgment record that would justify such recovery.[6] A plaintiff is

---

[6] Section 1997e(e) also does not bar claims for nominal damages. See Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir. 2000). Michel does not request nominal damages in his complaint, but we have recognized that nominal damages need not

8

not entitled to damages on a § 1983 claim for a deprivation of constitutional rights absent a showing that a state official's conduct "is shown to be motivated by evil motive or intent" or "involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Even assuming that defendants exhibited negligence or gross negligence in connection with the TB outbreak, there is no evidence from which to infer that they acted maliciously or recklessly. See Savarese v. Agriss, 883 F.2d 1194, 1205 (3d Cir. 1989) (observing that "punitive damages in general represent a limited remedy, to be reserved for special circumstances").

In sum, we conclude that the District Court properly granted summary judgment on Michel's claims. We will therefore affirm.

---

be pled. Id. However, nothing in Michel's opposition reflects that he seeks nominal damages, nor has Michel made any suggestion on appeal that the District Court erred in disregarding such a claim. Accordingly, Michel has waived the issue by failing to pursue it. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). For the same reasons, we conclude that Michel has waived any claims based on the New Jersey constitution.