**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4259
_____

WAYNE PRATER,
                    Appellant

v.

CITY OF PHILADELPHIA; COMISSIONER OF (PPS) LOUIS GIORLA; WARDEN
OF (CFCF) JOHN P. DELANEY; DEPUTY WARDEN OF (CFCF) WHITAKER;
MAJOR OF (CFCF)  MOORE; LIEUTENANT OF (CFCF)  KNIGHT; LIEUTENANT
OF (CFCF)  HAMILTON; CORRECTIONAL OFFICER OF (CFCF)  LOCK;
CORRECTIONAL OFFICER OF (CFCF)  FAISON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-cv-01618)
District Judge:  Honorable John R. Padova
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 7, 2013
Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: October 08, 2013)
_____

OPINION
_____

PER CURIAM

Wayne Prater appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which granted summary judgment to the Defendants in his civil rights action. For the following reasons, we will affirm in part, vacate in part, and remand for further proceedings.

Prater complains that while he was a pretrial detainee at Curran-Fromhold Correctional Facility (CFCF), the Defendants violated his civil rights by denying him access to his criminal defense counsel and a civil attorney, and by denying him access to the prison law library.[1] He also raised state law claims and claimed that he was placed in administrative segregation in retaliation for filing grievances. The District Court granted defendants' summary judgment motion, reasoning that prisoners only have a right of access to the courts for direct challenges to their sentences and for challenges involving conditions of confinement. The Court found that Prater's civil action for partition of real property was not such a case and he had not shown actual injury as to his criminal proceeding. The Court denied the retaliation claim because Prater had not established that the prison placed him in administrative segregation because of his grievances, rather than because of a disciplinary infraction. The District Court also denied Prater's state law claims. Prater timely appealed.

---

[1] Prater alleged that he was denied telephone access to both attorneys; that on one occasion, his legal mail (apparently with regard to his civil action) was thrown in the trash; and that he was not given adequate access to the prison library.

In his brief, Prater challenges only the violation of his civil rights in connection with his access to his attorneys (including claims related to telephone restrictions and the handling of his mail) and his access to the prison library.[2] Prater does not pursue his claims regarding retaliation or his state law claims. Those claims are thus waived. See Kopec v. Tate, 361 F.3d 772, 775 n.5 (3d Cir. 2004).

We read Prater's complaint as raising access-to-courts claims under the First and Fourteenth Amendments and claims that his Sixth Amendment right to the assistance of counsel was violated. We turn first to Prater's claims related to his criminal proceedings. Prater alleged in his complaint that his court-appointed criminal attorney's name was taken off the "jail access [phone] list" after being on the list for only 15 days, and that he was denied contact with his attorney for "over a year." Complaint, pp. 4 & 6.[3] We construe these allegations as claims that the prison interfered with his Sixth Amendment right to the assistance of counsel. Prater also alleged that his right to access the courts

---

[2] We exercise plenary review over the District Court's grant of summary judgment. Burns v. PA Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" United States v. Donovan, 661 F.3d 174, 184-85 (3d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). We also exercise "a plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts." Burns, 642 F.3d at 170 (internal quotation and citation omitted).

[3] Defendants dispute these facts, and also argue that Prater could still access his criminal attorney by calling collect or debit. But we affirm the District Court's disposition of the claim as a matter of law; even accepting Prater's allegations about the attorney contact as true, the dispute does not raise a genuine issue for trial.

3

was violated because he was denied access to the law library to prepare his criminal defense.

We agree with the District Court's disposition of Prater's access-to-courts claims as they relate to his criminal conviction. Prater has not shown that he suffered an "actual injury" because of his alleged inability to access the prison library, as required by Lewis v. Casey, 518 U.S. 343 (1996). See McBride v. Deer, 240 F.3d 1287, 1290 (10th Cir. 2001) (pretrial detainee must demonstrate that deprivations hindered his ability to pursue legal claim). Prater argues that he lost an "appeal" because of his inability to contact his attorney and access the library, but the District Court correctly found "no evidence in the record of any criminal appeal in which [the appointed counsel] represented [Prater]." Prater has not offered any other explanation of how his inability to access the library affected his criminal proceedings.[4]

The District Court did not explicitly rule on Prater's Sixth Amendment claims, but the Court did note Defendants' argument that such claims failed because, as in the case of the access-to-courts claims, Prater was required to show an "actual injury" caused by the

---

[4] We also agree that Prater's inability to access the library as much as he would have liked does not state an access-to-courts claim because appointment of counsel is sufficient to provide a pretrial detainee with "meaningful access to courts." Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1988); see also Bourdon v. Loughren, 386 F.3d 88, 98 (2d Cir. 2004). To the extent Prater contends that he was, in essence, proceeding pro se, he would still need to show that the inability to access the library caused him actual injury. See United States v. Kind, 194 F.3d 900, 905 (8th Cir. 1999).

violations.[5] We will largely affirm the implicit denial of these claims on other grounds. See Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (court of appeals may affirm on any basis supported by the record). First, to the extent that Prater's complaint seeks prospective injunctive relief, the Sixth Amendment claim is moot, as Prater is no longer housed at CFCF. See Ortiz v. Downey, 561 F.3d 664, 668 (7th Cir. 2009). Prater's complaint also seeks damages, but a damages remedy that necessarily implies the invalidity of the claimant's conviction[6] is not allowed unless the conviction is overturned. Heck v. Humphrey, 512 U.S. 477 (1994). Nevertheless, to the extent Prater can show that his Sixth Amendment claim does *not* imply the invalidity of his conviction, we will vacate the District Court's decision and remand for consideration of whether nominal and/or punitive damages could be warranted. See Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir. 2000).

Prater's complaint also alleges that his inability to use the prison library and to contact his civil attorney (through telephone and mail) to pursue his partition claim violated his right of access to the courts. The District Court denied relief, citing Casey, 518 U.S. at 354-55, because "*prisoners* have a right of access in connection with only

---

[5] But see Benjamin v. Fraser, 264 F.3d 175, 185 (2d Cir. 2001) (pretrial detainee has standing to assert unreasonable interference with Sixth Amendment right even if the interference did not result in "actual injury").

[6] We take judicial notice that Prater was sentenced on November 2, 2012. His appeal is currently pending. See Criminal Docket, Court of Common Pleas of Philadelphia County, Docket Number CP-51-CR-0000375-2011, accessed September 12, 2013.

two types of cases – challenges (direct or collateral) to their sentences and challenges involving conditions of confinement." Dist. Ct. Op. at 7 (internal quotation omitted; emphasis added). The Supreme Court supported such a restriction because "[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of *conviction* and incarceration." Casey, 518 U.S. at 356 (emphasis added). But because Prater had not been convicted, we do not believe such a limitation is applicable. Further, although Casey "limits the types of cases in which the prison must provide *affirmative* assistance, it does not give free reign to prison authorities to interfere with and impede a prisoner's pursuit of other legal actions." Cohen v. Longshore, 621 F.3d 1311, 1317 (10th Cir. 2010) (emphasis added). We thus vacate the District Court's decision with regard to this claim as well, and remand for further proceedings. The Court should consider, in no particular order, whether Prater has established that (1) unreasonable official action[7] denied him access to the courts to pursue his partition claim, and (2) that action caused the loss of a meritorious case. Christopher v. Harbury, 536 U.S. 403, 414 (2002).[8]

---

[7] Pursuant to Bell v. Wolfish, 441 U.S. 520, 539 (1979), the District Court would consider whether the condition or restriction that allegedly violated Prater's ability to access the court with regard to his civil proceeding was "reasonably related to a legitimate governmental objective." If it is not, then "a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon" pretrial detainees. Id.

[8] As with his criminal proceeding, his demand for prospective injunctive relief is moot.

6

For the foregoing reasons, we will affirm the District Court's decision in part, vacate in part, and remand for further proceedings. We express no opinion as to the merit of Prater's remanded claims.