J-S46021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE PRATER | |
| Appellant | No. 658 EDA 2015 |

Appeal from the PCRA Order January 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-MD-0000254-2011

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                                       **FILED JULY 06, 2016**

Wayne Prater appeals, *pro se*, from the order entered January 30, 2015, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  On November 7, 2011, the trial court sentenced Prater to two months, 28 days to five months, 29 days' imprisonment, following his conviction of criminal contempt for violating a protection from abuse order.[1]  On appeal, Prater asserts the PCRA court erred in dismissing his petition, as untimely and non-reviewable, without conducting an evidentiary hearing.  For the reasons set forth below, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 23 Pa.C.S. § 6114.

The facts underlying Prater's conviction are as follows. On August 8, 2011, the trial court ordered Prater to have no contact with the victim, Yvette Mason. Nevertheless, Prater subsequently sent numerous letters to the victim and her minor children.[2] Thereafter, on November 7, 2011, the trial court found Prater in contempt of the no-contact order, and sentenced him to a term of imprisonment of two months, 28 days to five months, 29 days. No direct appeal was filed.

On April 24, 2013, Prater filed the present PCRA petition, *pro se*, asserting the trial court had no jurisdiction to find him in contempt, and that the contempt finding was entered in error because the children to whom he addressed the letters were not on the no-contact order, and the victim had no right to open the children's mail. **See** PCRA Petition, 4/24/2013, at 3. Counsel entered an appearance on December 19, 2013, however, in lieu of filing an amended petition, counsel filed a **Turner/Finley**[3] "no merit" letter on April 23, 2014, concluding Prater was ineligible for relief because his petition was time-barred, and he was no longer serving a sentence.

---

[2] Although it is unclear from the limited record before us, Prater alleges he is the father of those children. **See** Prater's Brief at 10 (noting the PCRA court failed to "point out that the three children [to whom he addressed a letter] were also the biological children of [Prater] who possessed a court order authorizing contact with each of his three children.").

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Thereafter, on July 23, 2014, Prater filed a *pro se* amended PCRA petition, in which he asserted claims of the ineffectiveness of counsel, and raised the governmental interference exception to the time-bar.

On October 21, 2014, the PCRA court sent Prater notice of its intent to dismiss his petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. The court sent an amended notice on November 18, 2014, and Prater filed a *pro se* response on December 8, 2014. Thereafter, on January 30, 2015, the PCRA court entered an order denying Prater's petition. The docket reflects the court also permitted PCRA counsel to withdraw. This timely appeal followed.[4]

On appeal, Prater contends the PCRA court erred in dismissing his petition. With regard to the timeliness issue, Prater contends prison officials interfered "in his attempts to communicate" with his counsel, which led him to seek relief in the federal courts. Prater's Brief at 7. In fact, he asserts the federal court of appeals entered a ruling in his favor.[5] *Id.* at 8. Consequently, he claims the governmental interference exception to the PCRA's timing requirements applies in his case. *See* 42 Pa.C.S. §

_____

[4] The PCRA court did not direct Prater to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, the PCRA court filed an opinion on June 30, 2015.

[5] *See Prater v. City of Philadelphia*, 542 Fed.Appx. 135 (3d Cir. 2013) (vacating, in part, district court's grant of summary judgment to City, and permitting Prater to demonstrate, on remand, that prison's denial of access to his criminal attorney warranted money damages).

9545(b)(1)(i). Prater also argues "[t]he PCRA Court's assertion that [he] had already completed serving his sentence in this case at the time relief would have been granted, and as a reason for denying the petition, is inconsistent with the legislative intent or spirit of the law." Prater's Brief at 6.

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

Here, the PCRA court determined Prater's petition was untimely. PCRA Opinion, 6/20/2015, at 4. We agree. Prater's judgment of sentence became final on December 7, 2011, 30 days after he was sentenced for criminal contempt and did not file a direct appeal. *See* 42 Pa.C.S. § 9545(b)(3). Therefore, Prater had one year from that date within which to file a timely PCRA petition. *See id.* at § 9545(b)(1). His present petition, filed on April 24, 2013, was facially untimely.

Nevertheless, an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions, including a claim that "the failure to raise the claim previously was the result of interference by government officials with the presentation

- 4 -

of the claim[.]" 42 Pa.C.S. § 9545(b)(1)(i). However, "[a]ny petition invoking [this] exception shall be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Prater argues extensively in his brief that prison officials interfered with his ability to communicate with counsel, such that he was denied the right of a direct appeal in which to raise his meritorious claim that the contempt finding was in error. *See* Prater's Brief at 6-11. He does not demonstrate, however, that he filed his petition within 60 days of the date that claim could have been presented pursuant to Subsection 9545 (b)(2). This error is fatal to his request for relief. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261-1262 (Pa. 1999) (stating "to qualify for any of the exceptions found in [42 Pa.C.S. § 9545] (b)(1)(i)-(iii), one must not only satisfy the substantive requirements of the exception provision, but must also file a petition invoking that exception within sixty days of the date the claim could have been filed.").

Nevertheless, even if we were to find Prater established a timeliness exception, Prater is ineligible for relief under the PCRA. The Act mandates that to be eligible for relief, a petitioner must plead and prove, *inter alia*, he is "currently serving a sentence of imprisonment, probation or parole for the crime" or "serving a sentence which must expire before [he] may commence serving the disputed sentence." 42 Pa.C.S. § 9543(a)(1)(i), (iii). The PCRA court stated Prater's "maximum date for his sentence was May 6, 2012, which means [his] sentence was complete almost one year before [he] filed

his PCRA petition." PCRA Court Opinion, 6/30/2015, at 4. Prater does not dispute this fact, but rather baldly asserts that the denial of relief on this basis "is inconsistent with the legislative intent or spirt of the law." Prater's Brief at 6.

We disagree. As the Pennsylvania Supreme Court opined:

[T]he General Assembly, through the PCRA, excluded from collateral review those individuals who were no longer subject to a state sentence, thereby limiting the statutory right of collateral review to those whose liberty was constrained.

The legislature was aware that the result of the custody or control requirement of Section 9543(a)(1)(i) would be that defendants with short sentences would not be eligible for collateral relief. Indeed, that was the apparent intent: to restrict collateral review to those who seek relief from a state sentence. The legislature's exclusion from collateral relief of individuals whose liberty is no longer restrained is consistent with the eligibility requirements of habeas corpus review under the general state habeas corpus statute, 42 Pa.C.S. § 6501 *et seq.*

*Commonwealth v. Turner*, 80 A.3d 754, 766 (Pa. 2013) (internal citations and footnote omitted), *cert. denied*, 134 S.Ct. 1771 (U.S. 2014).

Accordingly, because we agree Prater is ineligible for relief under the PCRA, we affirm the order of the court dismissing his first petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2016